IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 5:20-CV-00374-D

COLORADO BANKERS LIFE )
INSURANCE COMPANY, )
            )
   Plaintiff, )
            )
 v. )
            ) **CONSENT**
ROCKDALE ASSET MANAGEMENT, ) **PROTECTIVE ORDER**
LLC, )
            )
   Defendant. )

THIS CAUSE came to be heard on the joint motion of the Plaintiff and Defendant (together, the "Parties") seeking entry of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. As it appears that the Parties agree to the entry of such an order, the Motion is hereby GRANTED.

NOW, WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Consent Protective Order shall govern the use and dissemination of all information, documents, or materials that are produced in this action (the "Litigation") and designated as "Confidential."

2. The term "Confidential," as used in this Consent Protective Order, shall mean: (a) information not in the public domain that is so proprietary or sensitive that its public disclosure may cause competitive injury; (b) information that contains trade secrets pursuant to applicable law; (c) personal identifying information of third parties, including account numbers, telephone numbers, personal financial information, and other sensitive information that is not already in the public domain; (d) information protected from disclosure by contractual obligations with third

1

parties; and (e) information protected from disclosure by law, including, but not limited to, information described under Chapter 58 of the North Carolina General Statutes.

3. Any party to this action or other person or entity, including any third party ("Third Party"), who produces or supplies information, documents, or other materials in the course of responding to interrogatories, responding to requests for production of documents, responding to requests for admission, responding to a third-party subpoena, or otherwise responding to discovery requests of any kind (the "Designating Party") may designate as "Confidential" any such information, document, or material that it reasonably and in good faith believes constitutes or contains information protected under the terms of this Consent Protective Order. The designation shall be made at or prior to the time of production of information, documents, or material or as soon thereafter as may be practicable by affixing on the document or material containing such information a legend that states: "**CONFIDENTIAL**." To the extent the parties or any Third Party produces electronic files in native format, the legend "CONFIDENTIAL" may be affixed to the storage device in which the electronic files are produced. For avoidance of doubt, any party to this action may designate a Third Party's production "Confidential."

4. Depositions may be designated "Confidential" either by: (a) stating that fact on the record at the deposition, or (b) stating that fact in writing served upon counsel of record within 20 days after receipt of the deposition transcript. If a Designating Party has advised the Court reporter that Confidential information has been disclosed during a deposition, the Court reporter shall include on the cover page the following indication: "**DEPOSITION CONTAINS CONFIDENTIAL INFORMATION — SUBJECT TO A PROTECTIVE ORDER**." Within 20 business days of receipt of the initial deposition transcript, the Designating Party shall advise opposing counsel of the specific pages and lines in which Confidential information appears. If

2

counsel for the opposing party has been informed that portions of a deposition transcript have been designated "Confidential," counsel may have immediate access to the deposition transcript but, prior to the page and line designations, shall treat the entire transcript as Confidential.

5. This Order does not apply to information that is publicly available or information that a Party or Third Party can or does discover outside of formal litigation discovery.

6. Information, documents, or material may be designated as Confidential by marking each page of the document or material in which the information appears as "Confidential." If the original is not produced, a party may mark the copies that are produced or exchanged in lieu of marking the original documents. Any summaries of Confidential information shall be marked with the appropriate "Confidential" designation and shall be treated as Confidential information.

7. A Party may oppose the designation of material as "Confidential" information at any time before trial by notifying counsel for the designating party in writing. If the Parties are unable to agree on the protected status of a document or information, they may request an in camera review before the Court, who shall determine the status of the documents and issue an appropriate order from the Court.

8. A designating party that produces "Confidential" information but inadvertently fails to mark an item as "Confidential" may correct its failure as soon as practicable after the error is noted. Such correction and notice thereof shall be made in writing. After the receiving party receives such notice and substitute copies, the receiving party shall thereafter treat the Confidential Information in accord with the corrected designation, but no receiving party shall be held responsible for any disclosures that may have been made prior to such corrective notice. Persons to whom such disclosure was made may continue to have access to such materials but must agree to abide by the terms of this Order.

3

(47017048.1)

9. Except as otherwise provided herein, all Confidential information shall be subject to the provisions of this Order until further order of the Court or the Parties' written agreement modifying this Order.

10. Except as otherwise allowed herein, all Confidential information will solely be used in connection with this Litigation. This Order does not restrict or prevent a Party or Third Party from using its own Confidential information in any manner that it sees fit.

11. Except with the prior written consent of the Designating Party, or upon prior order of this Court obtained upon written notice to the Designating Party's counsel, Confidential information shall not be disclosed to any person other than:

   a. the respective Parties to this Litigation;

   b. counsel for the respective Parties to this Litigation;

   c. employees of such counsel and persons assigned to assist such counsel in the preparation of this Litigation;

   d. expert witnesses and consultants, to the extent deemed necessary by counsel, for the prosecution or defense of this Litigation;

   e. court reporters, to the extent deemed necessary by counsel, for the prosecution or defense of this Litigation;

   f. A deponent, prior to or in the course of a deposition, provided that such persons may be shown copies of designated material only during the course of preparation for his or her deposition or in the actual course of a deposition, may not retain any designated material, and must be informed of the confidential nature of the materials;

   g. the Court and its personnel; and

h.  any mediator or arbitrator named in an order of the Court or agreed to by the Parties.

12. If a Party wishes to disclose Confidential information to any person not described in Paragraph No. 11 above, permission to so disclose must be requested from the Designating Party in writing. The Designating Party shall respond to the request within 10 business days. A failure to object shall be deemed a waiver by the Designating Party, and the party wishing to make the proposed disclosure may do so without violating this Order. If the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the Party requesting such permission, the Court orders otherwise.

13. Prior to obtaining access to Confidential information, any person to whom Confidential information may be disclosed pursuant to Paragraph No. 11 above, except the Court and its personnel, counsel for the Parties in this Litigation, any court reporter, and any mediator or arbitrator selected with the consent of all parties or by the Court, shall be shown and shall read a copy of this Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit 1 ("Confidentiality Acknowledgment"). Counsel for the Party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed Confidentiality Acknowledgment and, upon request, shall make it available to counsel of record for the other Parties, provided that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

14. Any person receiving Confidential information shall not reveal to, or discuss such information with, any person who is not entitled to receive such information as set forth in paragraph 9 above. In the event that additional parties are added to the Litigation, they must

execute a copy of the Confidentiality Acknowledgement and serve on the Parties before they may access any Confidential information.

15. Before filing any information that has been designated "CONFIDENTIAL" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests that would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

16. Upon written request by counsel of the Designating Party after the termination of this Litigation and within 20 days of receipt of same, through settlement or the entry of a final,

non-appealable order, all Confidential information and all copies thereof, including, but not limited to, any notes or other transcriptions made therefrom that is not attorney work-product, shall be returned (upon the request of the Designating Party) or destroyed by the Parties to whom such Confidential information was provided. Each Party shall provide a written certification of the return or destruction of all Confidential information and all copies thereof, including, but not limited to, any notes or other written transcriptions made therefrom that is not attorney work-product.

17. This Order is intended to facilitate discovery while preserving claims of confidentiality and not to waive any claims, defenses or rights regarding confidentiality. Accordingly, no Party or Third Party shall be deemed to have waived any claims of confidentiality or defenses to an allegation of confidentiality merely because they have stipulated to this Order or provided information under the terms of this Order. No Party shall be deemed to have admitted that any material designated by another Party or Third Party as Confidential information actually constitutes Confidential information.

18. Entry of this Order shall be without prejudice to any application for relief from any restriction imposed by this Order or for any other or further restriction on the production, exchange, or use of any document, testimony, interrogatory response, or other information produced, given or exchanged in the course of pretrial discovery in these actions. However, any Party or Third Party applying for relief shall give a minimum of three business days' notice, weekends and holidays excluded, of any request for relief.

19. The production, disclosure, or use of Confidential information in accordance with the terms of this Order shall not constitute a waiver by a Party or Third Party of any common interest privilege or exemption from discovery to which such information is subject, and shall not

constitute a waiver by a Party or Third Party of any attorney-client, work-product, or other privilege or exemption from discovery with respect to such information in this Litigation or any other Litigation, past, present or future, and shall not constitute a waiver by any Party or Third Party of any protection from disclosure and/or discovery afforded under Chapter 58 of the North Carolina General Statutes.

20. Nothing herein shall be deemed to waive any applicable privilege.

21. In the event any Party or their counsel subject to this Protective Order inadvertently produces or otherwise discloses materials which it deems to be privileged attorney-client communications, protected by the attorney work-product doctrine, or protected as materials prepared in anticipation of litigation – whether or not marked as "Confidential" – then that producing party may recover those documents as follows:

   a. Within ten (10) days of becoming aware of the inadvertent disclosure of documents and/or materials, which the producing party deems to be privileged attorney-client communications, protected by the attorney work-product doctrine, protected attorney mental impressions, or protected as materials prepared in anticipation of litigation, that producing party shall have the right to recover such materials by requesting the return of the same in writing to the "Receiving Parties."

   b. In any such request, the producing party shall: (1) identify the specific bates pages to be recovered; (2) identify the date on which the producing party or its counsel became aware of the inadvertent disclosure; (3) identify the basis for the recovery of the subject materials; and (4) provide substituted versions of the affected materials with all information claimed by the producing party as privileged redacted.

c. Upon receipt of such a request, all receiving parties shall return the original documents and/or materials, along with all copies in any form, to the producing party or certify the destruction of the same as contemplated in this Protective Order, and thereafter shall not use the information contained in the affected materials in any way in this litigation, subject to the provisions of subpart "d" of this Paragraph.

d. In the event that a receiving party disputes the claim of privilege or the right to recovery on the part of the producing party, then after having returned the materials requested under the procedure set forth in this paragraph, the receiving party may seek relief from the Court in the form of a Motion to Compel, at which the producing party shall make available to the presiding judge a copy of the recovered materials in their unredacted form for review.

e. The Parties to this Order agree that any and all materials which are recovered under the process set forth in this Paragraph shall maintain their privileged status, and the inadvertent disclosure of the same shall not waive or otherwise diminish that privilege, unless and until an Order compelling the disclosure of those materials is entered by the Court, pursuant to the provisions of subpart "d" of this Paragraph.

22. Nothing herein shall be deemed a ruling or opinion on the discoverability or admissibility of evidence.

23. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Consent Protective Order.

24. By attaching their signatures hereto, counsel and the parties they represent agree to treat information disclosed hereafter as if the Order had been entered, until such time as this Consent Protective Order is presented to a Judge for signature and entry.

Dated: February 7, 2022

_____
Robert T. Numbers, II
United States Magistrate Judge

[*Signatures on the following page*]

10

This the 4th day of February, 2022.

CONSENTED TO BY:

| WILLIAMS MULLEN | CONDON TOBIN SLADEK THORNTON PLLC |
|---|---|
| /s/ *Camden R. Webb* | /s/ *Aaron Z. Tobin* |
| Camden R. Webb | Aaron Z. Tobin |
| NC State Bar No. 22374 | N.C. Bar No. 50019 |
| Alexander M. Gormley | atobin@ctstlaw.com |
| NC State Bar No. 55312 | 8080 Park Lane, Ste. 700 |
| Lauren E. Fussell | Dallas, Texas 75231 |
| NC State Bar No. 49215 | Telephone: 214.265.3800 |
| Mary W. Scruggs | Facsimile: 214.691.6311 |
| NC State Bar No. 50977 | |
| 301 Fayetteville Street, Suite 1700 (27601) | FOX ROTHSCHILD LLP |
| PO Box 1000 | Matthew Nis Leerberg |
| Raleigh, NC 27602 | N.C. Bar No. 35406 |
| Telephone: (919) 981-4000 | mleerberg@foxrothschild.com |
| Facsimile: (919) 981-4300 | 434 Fayetteville St., Ste. 2800 |
| crwebb@williamsmullen.com | Raleigh, North Carolina 27601 |
| agormley@williamsmullen.com | Telephone: 919.755.8700 |
| lfussell@williamsmullen.com | Facsimile: 919.755.8800 |
| mscruggs@williamsmullen.com | |
| | Matthew W. Krueger-Andes |
| *Attorneys for Plaintiff* | N.C. Bar No. 42984 |
| | mkrueger-andes@foxrothschild.com |
| | 101 North Tryon Street, Suite 1300 |
| | Charlotte, North Carolina 28246 |
| | Telephone: (704) 384-2630 |
| | Facsimile: (704) 384-2800 |
| | |
| | *Attorneys for Defendant* |

11

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 5:20-CV-00374-D

| | |
|---|---|
| COLORADO BANKERS LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ROCKDALE ASSET MANAGEMENT, LLC, | )<br>)<br>) |
| Defendant. | ) |

## CONFIDENTIALITY ACKNOWLEDGMENT

I, _____, being duly sworn on oath, state the following:

1. I have read and understand the Consent Protective Order to which this Exhibit 1 is annexed, and I attest to my understanding that access to information designated Confidential may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Consent Protective Order. I agree to be bound by the terms of the Consent Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Consent Protective Order.

2. I shall not use or disclose to others, except in accordance with the Order, any Confidential information. I also shall return all Confidential information provided to me in this litigation to counsel for the party I represent within thirty (30) days after the conclusion of this action, including the exhaustion of all appeals. If I fail to abide by the terms of this Confidentiality

Acknowledgment or the Consent Protective Order, I understand that I may be subject to sanctions under the contempt power of the Court, which includes the power to impose compensatory damages.

Dated: _____

_____
Signature

_____
Printed Name

_____

_____
Address

Individual or Entity Represented

_____ County

Sworn to and subscribed before me by _____.

Dated: _____

_____
Notary Public

_____
Notary's Printed Name

My Commission Expires:_____

13